IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM LUCY | ) |
|     Plaintiff, | ) |
| | ) CIVIL ACTION NO. 09-167-KD-M |
| vs. | ) |
| WALTER MORTGAGE CO., and VICTORIA L. KING, | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court *sua sponte*. For the reasons explained below, Plaintiff Lucy's Complaint (Doc. 1) is hereby **DISMISSED** and Defendant Walter Mortgage Company's Motion to Dismiss (Doc. 4) is hereby **DENIED as moot.**[1]

**I.   The Rooker-Feldman Doctrine Bars this Court from Adjudicating Plaintiff's Claims**

Federal courts are courts of limited jurisdiction and the Court has an affirmative duty to "inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007); Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt . . . arises.").

The Rooker-Feldman doctrine provides that "federal courts, other than the Supreme Court, have no authority to review the final judgments of state courts." King v. Epstein, 167 Fed. Appx.

---

[1] A district court must confirm its own jurisdiction to hear a case before resolving issues of law raised in a motion to dismiss. See University of South Alabama v. American Tobacco Co., 168 F.3d 405 (11th Cir. 1999).

121, 123 (11th Cir. 2006) (per curiam) (citing Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir.2001) (internal citations and quotations omitted)). Under the doctrine, federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005). Although the doctrine does not apply when the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings . . . 'a party's ability to raise a claim on appeal constitute[s] a reasonable opportunity to raise the claim.'" Id. (quoting Blue Cross and Blue Shield of Md., Inc. v. Weiner, 868 F.2d 1550, 1555 (11th Cir.1989)).

Lucy lodges four claims against Walter Mortgage in the suit before this Court: conspiracy to defraud, fraud, illegal foreclosure and illegal eviction. Each of the first three claims alleges that Walter Mortgage acted wrongfully by purchasing 911 Super Street, Mobile, AL, 36617 (the "Super Street Property") during a foreclosure sale on May 22, 2007, even as it continued to accept mortgage payments from Lucy. (Doc. 1). The fourth claim alleges, among other things, that Walter Mortgage was deficient in advertising the pending foreclosure sale of the Super Street Property. (Id.) Thus, all four causes of action rest on the foundational claim that Walter Mortgage acted wrongfully when it purchased the Super Street Property previously owned by Plaintiff during a foreclosure sale on May 22, 2007.

In support of its Motion to Dismiss, Defendant Walter Mortgage submitted copies of certain Alabama state court filings and orders,[2] among them an order of the Mobile County Circuit Court

---

[2] The Eleventh Circuit has previously held that "facts outside of the pleadings may be considered as part of [a federal court's. . .] determination" regarding whether subject matter jurisdiction exists. Goodman *ex rel* Goodman v. Sipos, 259 F.3d 1327, 1332 n.6 (11th Cir. 2001); see also McMaster v. United States, 177 F.3d. 936, 940 (11th Cir. 1999).

2

dated December 29, 2008.  (Doc. 4, Exh. 4.)  That order is a self-executing judgment dated December 29, 2008 (some seven months after the foreclosure sale of the Super Street property), and it awards Walter Mortgage possession of 911 Super Street, Mobile, AL, 36617.  (Id.)  The order also taxes the costs of that proceeding against Defendant Lucy.  (Id.)

The Rooker-Feldman doctrine bars this Court from hearing Plaintiff Lucy's claims to the extent he alleges that Walter Mortgage acted wrongfully by purchasing the Super Street Property previously owned by Plaintiff.  As the Eleventh Circuit stated in King, when the

> claims that the [Plaintiff] could raise under diversity jurisdiction either flow directly from [a] county court judgment and writ (e.g. the sale[] of [his] property), or should have been raised there in defense (e.g. . . . fraudulent practices . . . ) [, and] there is no reason alleged why [Plaintiff] could not have appealed this decision to a state court [. . . .  U]nder the Rooker-Feldman doctrine, th[is] district court ha[s] no subject-matter jurisdiction to hear any of [such] claims, even if the parties [a]re diverse, and even if the [Plaintiff] sufficiently alleged an amount in controversy over $75,000."

King, 167 Fed. Appx. at 124.  In King, a panel of the Eleventh Circuit affirmed dismissal of the plaintiffs' claims because they were related to a judgment and writ of execution issued by a Florida county court as a result of the plaintiffs' refusal to make payments on a vehicle.  Id.  In a similar fashion, the Seventh Circuit previously concluded that the Rooker-Feldman doctrine barred a suit filed by prior owners of a parcel of land sold in a tax sale that a state court later approved.  See GASH Assoc. v. Village of Rosemont, Ill., 995 F.2d 726, 728 (11th Cir. 1993) (citing with approval Ritter v. Ross, 992 F.2d 750 (7th Cir. 1993)).  Federal court litigation was barred, the Seventh Circuit held, despite alleged irregularities surrounding the sale, "because the plaintiffs' injury stemmed from the state judgment—an erroneous judgment, perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless."  Id.  Like the courts in King and Ritter, this

Court lacks authority to consider substantially all of Lucy's claims, because they predate and stem from the Mobile County Circuit Court's judgment awarding possession to Walter Mortgage. These claims either were or should have been litigated before the Mobile County Circuit Court and/or on appeal before the Alabama Court of Civil Appeals. Counts One, Two, and Three of Plaintiff's Complaint are therefore **DISMISSED.**

**II.     The Court Lacks Jurisdiction over the Remainder of Plaintiff's Illegal Eviction Claim**

Only one count of Plaintiff's Complaint—Count Four, "Illegal Eviction"—does not appear to stem entirely from the Alabama court's award of possession to Walter Mortgage. Plaintiff claims in Count Four that

> ON OR ABOUT MARCH 13, 2009 THE DEFENDANTS DID INSTITUTE AN ILLEGAL EVICTION OF PLAINTIFF'S TEN[]ANT AT 911 SUPER ST. MOBILE ALABAMA BY GOING FORWARD WITH A(N) EVICTION BY THE MOBILE COUNTY SHERIFF'S DEPT, ALTHOUGH THEY KNEW THIS ACTION WERE IN VIOLATION OF THE ALABAMA UNIFORM LANDLORD TENANT ACT. NOT[]WITHSTANDING THIS THE DEFENDANT[]S KNEW OR SHOULD HAVE KNOWN THE EVICTION WERE ILLEGAL BECAUSE THE NOTICE REQUIRED BY THE STATE OF ALABAMA WERE NOT GIVEN AS PER LAW, AND THE DEFICIENCY IN ADVERTISING THE PENDING FORECLOSURE SALE WERE IN VIOLATION OF ALABAMA LAW AS IT THE ADVERTISING WERE ONLY PUBLI[C]IZED TWICE IN THE LOCAL PAPER INSTEAD OF THREE TIMES AS PER LAW.

(Doc. 1). This Court lacks jurisdiction, per the Rooker-Feldman doctrine discussed above, to entertain the portion of Count Four that relates to notice allegedly required for the pending foreclosure sale—that is, the claim that follows the word "notwithstanding." As noted previously, the latter portion of Count Four is accordingly **DISMISSED**.

This Court's jurisdiction, if any, to hear the remainder of the claims contained in Count Four

4

of Lucy's Complaint would necessarily be founded on diversity jurisdiction, 28 U.S.C. § 1332. (As the Magistrate Judge previously concluded, federal question jurisdiction over this claim is lacking because Plaintiff's Complaint raised no substantial federal question. (Doc. 8.)) However, it appears that Plaintiff Lucy lacks standing to bring the wrongful eviction claim. The Mobile County Circuit court awarded possession of the property to Walter Mortgage more than 9 months before the allegedly wrongful eviction. The Court is not aware of any authority that would allow a former owner of real property to sue for the wrongful eviction of an individual allegedly renting said property. See AmSouth Bank, N.A. v. City of Mobile, 500 So.2d 1072, 1075 (Ala. 1986) (landlord had no right to possession of the property and therefore lacked standing to sue for trespass, which is a wrong relating to the right of possession).

Accordingly, the Court concludes that it lacks jurisdiction over Plaintiff's wrongful eviction claim, and the claim is hereby **DISMISSED**.

### III.    Plaintiff's Claims are also Subject to Dismissal Because of his Failure to Prosecute

On May 28, 2009, this Court ordered Plaintiff William Lucy to show cause why he had not complied with Local Rule 4.1 by properly serving Defendants with process after filing his Complaint. (Doc. 3.) Plaintiff's response was due on July 11, 2009. (Id.) Plaintiff never properly responded to this show cause order.[3]

---

[3]The only thing in the record that could possibly be construed as an effort to respond to the Court's May 28 show cause order is the unsupported statement, contained in Lucy's Response to Defendant's Motion to Dismiss, that "PURSUANT TO RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE, ALL DEFENDANTS WERE PROPERLY SERVED." (Doc. 7.)

Federal Rule of Civil Procedure 4(l) provides that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." (Id.) Lucy's unsupported statement that Defendants were properly served is insufficient proof of service and an ineffective response to the Court's show cause order.

On August 11, 2009, the Court again ordered Plaintiff to effect service upon Defendants and further ordered Plaintiff to file a response to the Court's aforementioned show cause order no later than 20 days from the date the order was served upon him via certified mail at his address of record. (Doc. 12.) On August 31, 2009, the Court's August 11 order was returned as undeliverable. (Doc. 13.)

The Court concludes that Plaintiff either changed his address and failed to inform the Court or failed to respond to the notice that he had certified mail. Local Rule 83.9(c) provides that

> Any person proceeding in this Court *pro se* shall, at all times during the pendency of the action to which he or she is a party, keep the court informed of his or her current address and telephone number, and shall promptly inform the court of any change in such address. A party's failure to comply may result in the dismissal of the party's action for failure to prosecute and obey the rules of this Court.

(Id.) Accordingly, Lucy's Complaint is subject to dismissal due to his failure to keep the Court apprised of his current address and on account of his failure to obey the rules of this Court.

In addition, the Complaint is subject to dismissal because there is no record evidence that Plaintiff perfected service on Defendants within 120 days after the complaint was filed. Pursuant to Federal Rule of Civil Procedure 4(m), then, this Court "must dismiss the action without prejudice . . . or order that service be made within a specified time," absent a showing of "good cause for the failure." (Id.) As noted above, Plaintiff has repeatedly failed to show good cause why, some six months after filing his Complaint, he has failed to file proof of service upon Defendants.

## IV.    Conclusion

For the reasons detailed herein, Plaintiff's Complaint is hereby **DISMISSED**, and

Defendant's Motion to Dismiss is **DENIED as moot**. A Judgment consistent with the terms of this Order shall issue contemporaneously herewith.

      **DONE** this the 14th day of October, 2009.

                                    /s/ Kristi K. DuBose

                                    **KRISTI K. DUBOSE**

                                    **UNITED STATES DISTRICT JUDGE**